FORM TO BE USED BY FEDERAL PRISONERS IN FILING A CIVIL ACTION
UNDER 28 U.S.C. § 1331 OR § 1346

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL   DIVISION

LUIS MOLINA ACOSTA #16056-069                    **04-40147**

(Enter above the full name of the Plaintiff
or Plaintiffs in this action)

VS.                                              Civil Action No. _____

DAVID L. WINN, Warden-FMC-Devens

FEDERAL BUREAU OF PRISONS, et al.

(Enter above the full name of the Defendant
or Defendants in this action)

A. Have you begun other actions in Federal Court dealing with the same facts involved in this Action? Yes_____ No __X__

B. If your answer to A is yes, describe the action in the spaces below. (If there is more than one action, describe the additional actions on the reverse side of this page).

   1. Parties to the action: _____Not Applicable ("N/A")_____

   2. Court (Federal Court name the district): ___N/A___

   3. Docket Number: ___N/A___

   4. Name of Judge to whom case was assigned: ___N/A___

1

5. Disposition: (Was case dismissed? Was it appealed? Is it still pending?) : __N/A__

C. 1. Did you present the facts relating to your complaint in the internal prison grievance procedure? Yes _X_ No ____

2. If your answer is Yes, what was the result? __Denied Administrative Remedies in a B.P. 08, B.P. 09, B.P. 10 and B.P. 11 between October 7, 2003 to March 28, 2004. See Exibits A, B, C and D__

3. If your answer is No, explain. __N/A__

D. 1. Did you present your claim to the Bureau of Prisons or other Federal agency for administrative action? Yes _X_ No ____

2. If your answer is yes, state the date such claim was submitted and what action, if any has been taken. __Tort Claim was with the Federal Bureau of Prisons' Regional Director on October 9, 2003, which he was denied such claim on April 1, 2004. Exhibits E and F__

3. If your claim has been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other Federal agency concerning your claim.

E. 1. Are you suing for a work related injury? Yes ____ No _X_

2. If your answer is Yes, state the nature of the duties you were performing when the injury occurred. __N/A__

2

## PARTIES

(In item I. Below, place our name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any).

I. Name of Plaintiff: Luis Molina Acosta # 16056-069
   Address: FMC- Devens, P. O. Box 879, Ayer, MA 01432

(In item II. Below, place the full name of the defendant in the first blank, his / her official position in the second blank, and his / her place of employment in the third blank. Use the space below item II. for names, positions and places of employment of any additional defendants.)

II. Defendant David L. Winn is employed as Warden
    At FMC- Devens

## STATEMENT OF CLAIM

III. State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet(s), if necessary.)

(1.). On August 28, 2003, Mr. Acosta was air-lifted from Puerto Rico in a private jet because of his confinement to a wheelchair to FMC Devens. Officers of FMC-Devens brought Mr. Acosta to the institution's Receiving & Departure ("R & D") department to be process into the facility.

On the same day, about 2:00 p.m., Mr. Acosta arrived at R & D to be process when a R & D officer took his wheelchair, handed him crutches and ordered him to stand on crutches while being process. Though, Mr. Acosta complained that he cannot stand nor use crutches the R & D officers ignored his complaint and made him endure. After about a couple of minutes, Mr. Acosta complained to R & D officers about standing on crutches which he told (Continued on attached page):

3

**Statement of claim**
**Continues:**

them he was experiencing extreme pain in his back, legs and bladder. The Officers ignored his complaint and ordered him to stand on the crutches for about one hour and a half in extreme pain, while they processed the new inmate arrival.

(2) On the same day, at about 3:20 p.m., Segregation Housing Unit ("SHU") officers came to take some of the new arrived inmates to the SHU for housing until bed space was available in general population. R & D and SHU Officers ordered Mr. Acosta to use the crutches to go to the SHU though he told the officers that he can not walk with crutches because of his injury of bladder, back and leg. Again, these Officers ignored his injuries, ordered him to endure the pain and walk to SHU.

At about 3:30 p.m., Mr. Acosta arrived at the SHU which he was placed in the holding cell to be processed with other inmates. Mr. Acosta asked for a chair so he could dress himself into the SHU clothing he was given by the officers. The Officers denied him a chair and ordered him to dress in the jumpsuit the best his can. Inmates Elving Mereado, and two others helped him into his jump, which he had to stand-leaning against the wall while they took off his clothes and put on the jumpsuit. While he was standing-leaning against the wall, Mr. Acosta had to endure more pain in his legs, bladder, and back which he suffered for approximately ten to twenty minutes more.

Subsequently, the officers removed the other inmates to their assigned cells. Mr. Acosta was left behind to be taken to his cell last. Officer Maldonado with two others officers came for Mr. Acosta. Officer Maldonado order Mr. Acosta to move from the door, which he was leaning on for support. This officer then opened the trap door to the holding cell to handcuff Mr. Acosta, but when Mr. Acosta did not move from the door Officer Maldonado pushed him back making him fall back on his head and back, which resulted in an cut to the head and back and the loss of blood.

Officer Maldonado and the other officers carried him to a cell left him there untreated for about nine hour until medical assistant Mr. Smith examined his injuries, told him he would order a X-ray.

## Statement of Claim continues:

As a direct result of the officers of R & D's and SHU's actions and deliberate indifferent to claimant he suffered for approximately several days of excruciating pain caused by the injuries to his head and back, and the pain from his legs, bladder and back caused by the forced walk and standing with the crutches.

That, the claimant arrived in Devens with medical records showing the extend of his injuries thus the report that he cannot use the lower half of his body because of an injury he suffered in Puerto Rico detention center. The mdedical records show that he was damage-enable to stand or walk, but the officers ignored these records and the inmate's complaints that he was in pain by standing with crutches. Both the R & D and SHU officers forced the claimant to suffer extreme pain in his legs, bladder and back when they ordered him to use the crutches to stand and walk while being process and moved from one section to the other section of the institution.

The SHU officer knew that the claimant could not stand on crutches by himself when he pushed claimant off the door he was using for support, which such act caused him to fall and bust his head and back. The same SHU officer refused to call for medical treatment to close clamant's head and back injuries until about nine hours later, which he was left in _ cell to bleed and suffer pain without treatment.

After medical practitioner Mr. Smith was called to see the claimant, the clamant was still not treated or given medication for his injuries and pain.

**RELIEF**

IV. State what relief you seek from the Court. Make no legal arguments. Cite no cases or statutes.

1. A trial by jury;
2. Compensory damage of $1,000,000 for the injuries suffered;
3. Punitive damage of $125, 000 for the wrongful acts which was done intentional with malice; and
4. Any other appropriate remedy or relief deemed for such acts.

Signed this 25 day of July 200 4.

_(Signature of Plaintiff or Plaintiffs)_

**DECLARATION**

I, Luis Molina Acosta declare under penalty of perjury that I have read and subscribed to the above and state that the information contained therein is true and correct to the best of my knowledge.

Executed 7/25/04 at F.M.C. Devens

Date             Place

Signature of Plaintiff

Signature of Attorney (If Any)

4

```
COMMONWEALTH OF MASSACHUETT  )
                             )
COUNTY OF WORCESTER          ) ss:
                             )
_____)
```

### AFFIDAVIT OF ELVING MEREADO

I, Elving Mereado, being duly sworn, deposes and says:

1. On August 28, 2003, I was placed in the Segregation housing Unit of FMC-Fort Devens.

2. While in the holding cell of the Segregation HOusing Unit ("SHU") I seen Mr. Acosta who was also in the holding cell with me.

3. I heard the officers ordered all inmates to put on the orange jumpsuit. I heard Mr. Acosta asked for a chair to sit down to put on his jumpsuit. I heard Mr. Acosta tell the officers that he cannot stand while putting on his jumpsuit.

4. I heard the officers tell him no chairs he have to do the best he can. I seen Acosta having trouble putting on his jumpsuit, he seen the pain he was suffering by standing on the crutches leaning against the walls.

5. Two inmates (Simpson and Stiff) helped me put on Acosta jumpsuit and take off his other clothings. When I helped take his clothes off, I did not seen any injuries to his head nor body (back), I mean cuts or bleeding.

6. The two other inmates and me were taken out the holding cell and put in other housing cell in SHU. Mr. Acosta was left there by himself in the holding cell.

<u>Affidavit of Elving Mereado</u>
<u>Continues from attached page:</u>

page two:

    7. I swear under the penalty of perjury that every statement made herein are true and correct to the best of my knowledge and belief. Further, I voluntary made this affidavit which I was not promised any thing to tell the truth about what I remember on day I was in the SHU on August 28, 2003.

Dated: 07-26-04 .

                                                     _Elving Mereado_
                                                      AFFIANT

NAME: **LUIS MOLINA ACOSTA**          REGISTER NUMBER: **16056-069**

Federal Medical Center
Devens, MA

## ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
## INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 (BP-229(13)), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Briefly state **one** complaint below and **list what efforts you have made** to resolve your complaint informally, state the **names of staff contacted**, and the **relief that you are requesting.**

DATE FORM ISSUED AND INITIALS OF CORRECTIONAL COUNSELOR: _____ 12/1/03

Unit: J-13

**INMATE'S COMMENTS:**

1. Complaint: ON OCTOBER 8, 2003 I SUBMITTED A COP-OUT REQUEST (COPY ATTACHED) FOR A COPY OF THE INCIDENT REPORT RELATED TO AN INJURY CAUSED IN SHU ON AUGUST 28, 2003. I WAS TOLD THAT THE SHU VIDEO CAMERAS WOULD BE CHECKED FOR EVIDENCE AS TO WHAT HAPPENED. SO FAR, I HAVE RECEIVED NOTHING ON MY REQUEST.

2. Efforts made by you to informally resolve: A COP-OUT WAS SENT TO THE CAPTAIN'S OFFICE ON OCTOBER 8, 2003.

3. Names of staff you contacted: COP-OUT SENT TO F.M.C. DEVENS CAPTAIN

4. Relief Requested: I WANT A COPY OF THE INCIDENT REPORT AND ANY REPORT RELATED TO THE INVESTIGATION OF MY COMPLAINT THAT WAS MADE. I ALSO WANT A REPORT AS TO WHAT THE SHU VIDEO RECORDING CAMERAS SHOWED AS TO MY INJURY ON THAT DATE.

Date returned to counselor: DECEMBER 2, 2003

Exh. "A"



## FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS
## RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #322641-F1

This is in response to your Request for Administrative Remedy in which you request a report about your alleged injury in the Special Housing Unit.

This matter has been referred to the appropriate authorities for investigation.

A report regarding the disposition of this investigation will not be provided in accordance with the provisions of policy relating to sensitive documents (to include any video footage). Therefore, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, Northeast Region, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

_____                          2/10/4
David L. Winn, Warden                              Date

**U.S. DEPARTMENT OF JUSTICE**　　　　　　　　　　**REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

**Part A- INMATE REQUEST**




_____　　　　　　　　　　_____
　　　　DATE　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B- RESPONSE**










_____　　　　　　　　　　_____
　　　　DATE　　　　　　　　　　　　　　　　　　　　　WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**　　　　　　　　　　CASE NUMBER: _____
― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ―
　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

SUBJECT: _____

_____　　　　　　　　　　_____
　　　　DATE　　　　　　　　　　　　　　　　　　RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　BP-229(13)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　APRIL 1982

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____
           LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.           UNIT           INSTITUTION

**Part A- INMATE REQUEST**




_____                              _____
           DATE                                                              SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
JAN 16 2004

_____                              _____
           DATE                                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE                                      CASE NUMBER: _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                                                   CASE NUMBER: _____
**Part C- RECEIPT**

Return to: _____
                   LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.           UNIT           INSTITUTION

SUBJECT: _____


_____                              _____
           DATE                                                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                                                       BP-229(13)
                                                                                               APRIL 1982

U.S. Department of Justice | Regional Administrative Remedy Appeal
Federal Bureau of Prisons

*Issued 2/12/04*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **MOLINA-ACOSTA, LUIS**        **16056-069**        **J-B**        **FEDERAL MEDICAL CENTER DEVENS**
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** TO THE NORTHEAST REGIONAL GENERAL COUNSEL: SIR/MADAM,
I WAS DELIBERATELY INJURED BY A CORRECTIONAL OFFICER IN THE SHOE ON AUGUST 28, 2003. I AM CONFINED TO A WHEELCHAIR AND I WAS UNABLE TO REMOVE MY CLOTHES SO AS TO RAPIDLY GET INTO THE ORANGE SHU JUMPSUIT. THE SHU OFFICER DELIBERATELY KNOCKED ME DOWN OUT OF MY WHEELCHAIR AND INJURED ME. I AM ASKING THAT ALL VIDEOTAPES SHOWING HIS ENTRY INTO THAT SHU ROOM WHERE I WAS INJURED THAT DAY AS WELL AS ANY OTHER EVIDENCE OF SUCH BE PRESERVED AND NOT DESTROYED. IF IT CANNOT BE GIVEN ME, AT LEAST IT WILL BE PRESERVED FOR LATER LEGAL PROCESS AND NOT DELIBERATELY DESTROYED. I ALSO WANT A COPY OF THE INCIDENT REPORT INVESTIGATED BY SIS, AND IF IT CANNOT BE GIVEN TO ME, THEN IT WILL BE OBTAINED BY MY ATTORNEYS UNDER LEGAL DISCOVERY ONCE MY LAWSUIT IS FILED ON MY BEHALF. IN QANY EVENT, I DO NOT WANT THAT EVIDENTIAL REPORT DESTROYED IN SOME "COVER-UP" OF THE INCIDENT. I WAS SEVERELY INJURED AND BLOOD WAS EMITTED BY ME FROM MY INJURIES. I STILL SUFFER FROM PAIN FROM THAT INCIDENT. PLEASE FURNISH ME THE REQUESTED EVIDENCE COPY OR ELSE ASSURE ME THAT IT IS BEING PRESERVED FOR FUTURE EVIDENCE IN LITIGATION.

THANK YOU

FEBRUARY 16, 2004                                Molina Acosta L.
DATE                                             SIGNATURE OF REQUESTER

**Part B—RESPONSE**





DATE                                             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                CASE NUMBER: **322641-R1**

**Part C—RECEIPT**

                                                 CASE NUMBER: _____

Return to: _____                                  **DEV**
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

USP LVN     DATE        Previous editions not usable        SIGNATURE, RECIPIENT OF REGIONAL APPEAL        BP-230(13) APRIL 1982

**MOLINA-ACOSTA, Luis**
Reg. No. 16056-069
Appeal No. 322641-R1
Page One

---

### Part B - Response

In your appeal, you state you were deliberately injured by a staff member at FMC Devens. Specifically, you state the staff member knocked you down from your wheel chair, injuring you. You are requesting to have all the evidence of the incident preserved and not destroyed.

Program Statement 3420.09, <u>Standards of Employee Conduct</u>, states that a staff member may not use brutality, physical violence or intimidation toward inmates. Any allegations of such misconduct must be referred for investigation. Your allegations have been referred to the Office of Internal Affairs to be investigated. The Office of Internal Affairs will determine what evidence concerning your allegations will be preserved. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: March 19, 2004

D. SCOTT DODRILL
Regional Director

U.S. Department of Justice  
*ISSUED 3/22/04*  
Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __MOLINA-ACOSTA, LUIS__   # __16056-069__   __J-B__   __FEDERAL MEDICAL CENTER DEVENS__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**   TO THE CENTRAL OFFICE GENERAL COUNSEL:   SIR/MADAM, AS THE ATTACHED DOCUMENTS SHOW, I WAS DELIBERATELY INJURED BY A CORRECTIONAL OFFICER IN THE SHU (DISCIPLINARY SEGREGATION UNIT) ON AUGUST 28, 2003. I AM CONFINED TO A WHEELCHAIR AND I WAS UNABLE TO REMOVE MY CLOTHES AS AS TO RAPIDLY GET INTO THE ORANGE SHU JUMPSUIT. THE SHUE OFFICER DELIBERATELY KNOCKED ME DOWN OUT OF MY WHEELCHAIR AND INJURED ME. I AM ASKING THAT ALL VIDEOTAPES SHOWING HIS ENTRY INTO THAT SHU ROOM WHERE I WAS INJURED THAT DAY AS WELL AS ANY OTHER EVIDENCE OF SUCH BE PRESERVED AND NOT DESTROYED. IF A COPY CANNOT BE GIVEN ME, AT LEAST IT WILL BE PRESERVED FOR LATER LEGAL PROCESS AND NOT DELIBERATELY DESTROYED. I ALSO WANT A COPY OF THE INCIDENT REPORT INVESTIGATED BY SIS, AND IF IT CANNOT BE GIVEN TO ME THEN IT WILL BE OBTAINED UNDER LEGAL DISCOVERY ONCE MY LAWSUIT IS FILED ON MY BEHALF. IN ANY EVENT, I DO NOT WANT IT "LOST" IN SOME "COVER-UP". PLEASE FURNISH ME COPIES OF THE REQUESTED EVIDENCE OR ELSE ASSURE ME THAT IT IS BEING PRESERVED FOR FUTURE EVIDENCE IN LITIGATION. ANY FAILURE TO PRESERVE ALL EVIDENCE WILL INURE TO THE DETRIMENT OF ALL DEFENDNATS IN IN ANY FUTURE LEGAL PROCEEDINGS AND I AM HEREBY PUTTING YOU ON NOTICE OF SUCH POSSIBILITY. THANK YOU.

__MARCH 23, 2004__                                    _[signature]_
DATE                                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____   _Exhi. X_   _____
DATE                                              GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: __32 2641-A1__

**Part C—RECEIPT**                                 CASE NUMBER: _____

Return to: _____   _____   _____   _____
            LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

_____                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL     BP-231(13)
DATE                                                                                    APRIL 1982
USP LVN

Administrative Remedy No. 322641-A1
Part B - Response

You appeal the Warden's response to your Request for Administrative Remedy in which you allege misconduct by staff. Specifically, you claim you were deliberately knocked out of your wheelchair by a correctional officer on August 28, 2003. You maintain you sustained injuries resulting from his alleged misconduct.

Staff conduct is governed by Program Statement 3420.09, <u>Standards of Employee Conduct</u>. The Bureau of Prisons takes allegations of staff misconduct seriously. Your complaint has been referred to the appropriate office for further review and action as deemed appropriate.

This response is provided for informational purposes only.

_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency:<br>FEDERAL BUREAU OF PRISONS<br>NORTHEAST REGIONAL COUNSEL<br>CUSTOMS HOUSE, 7th FLOOR<br>2nd & CHESTNUT STREETS<br>PHILADELPHIA, PA 19106 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>LUIS MOLINA-ACOSTA # 16056-069<br>HOUSING UNIT J-B, F.M.C. DEVENS<br>P. O. BOX 879<br>AYER, MA 01432 | |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN N/A | 4. DATE OF BIRTH<br>10/9/51 | 5. MARITAL STATUS<br>S | 6. DATE AND DAY OF ACCIDENT<br>AUGUST 28, 2003 (THURSDAY) | 7. TIME (A.M. OR P.M.)<br>3-4 P.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

I ARRIVED AT F.M.C. DEVENS AFTER BEING TRANSFERRED FROM FEDERAL PRISON IN PUERTO RICO. I AM SEVERELY INJURED AND REQUIRE A WHEELCHAIR TO MOVE AROUND. I WAS RECEIVED IN R & D AND THEY TOOK AWAY MY WHEELCHAIR AND MADE ME WALK WITH CRUTCHES TO THE S.H.U.(SEGREGATED HOUSING UNIT). I MADE THE WALK WITH THE GREATEST PAIN AND DIFFICULTY. IN S.H.U. THEY TOLD ME TO CHANGE MY CLOTHES. TWO INMATES HELD ME UP AND I CHANGED INTO THE JUMPSUIT. THE TWO INMATES LEFT AND I WAS TOLD TO HOLD MY HANDS OUT FOR HANDCUFFS I ASKED FOR A CHAIR TO SIT ON. THEY REFUSED. I WAS PUSHED BACK FROM THE DOOR BY C.O. MOLDONADO AFTER THE CUFFS HAD BEEN PUT ON AND FELL AND SEVERELY CUT MY HEAD AND INJURED MY BACK. I MADE A REPORT BUT I WAS TOLD IT HAD BEEN "LOST". S.I.S. HAD REPORT SUBMITTED

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

NOT APPLICABLE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

NOT APPLICABLE

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

I RECEIVED SEVERE INJURIES TO MY HEAD WITH EXTENSIVE BLEEDING. I SAW A NURSE AT 7:30 P.M. AND I SHOWED HER THE BLEEDING FROM MY NOSE FROM THE INTERNAL HEAD INJURIES. I ALSO HAD EYE DISTURBANCES. P.A. SMITH VISITED ME ALSO AND SAID X-RAY WAS OUT OF ORDER. I WAS GIVEN TYLENOL FOR PAIN. MY NOSE IS STILL BLEEDING DAILY AND I AM IN PAIN IN MY BACK. I HAVE BEEN GIVEN A WHEELCHAIR UPON RELEASE FROM THE S.H.U.

WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| C.O. MOLDONADO | F.M.C. DEVENS, P.O.BOX 880, AYER, MA 01432 |
| P.A. SMITH | " " SAME " " |
| S.H.U. NURSE | " " SAME " " |
| INMATE SIMPSON | UNKNOWN BUT IN C.H.U. CELL 206 |
| UNKNOWN S.H.U. CORRECTION OFFICER | F.M.C. DEVENS " " SAME " " |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>NONE | 12b. PERSONAL INJURY<br>ONE MILLION DOLLARS ($1,000,000.00) | 12c. WRONGFUL DEATH<br>NONE | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>ONE MILLION DOLLARS ($1,000,000.00) |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*/s/ Luis Molina Acosta* | 13b. Phone number of signatory<br>NONE | 14. DATE OF CLAIM<br>OCTOBER 9, 2003 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046    Exh "E"

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

THIS,IS THE PROOF FOR THE INJURYS THAT AN CORRECTIONAL OFFICER
CAUSED TO AN AUGUST 28,2003,IN DEVENS MA. IN SHU.
AND I,COLECTED THE BLOOD LIKE ONE PROOF ON THE COURT HAUSED
ANY DAY, THAT WE,LLHAVED GO TO COURT....

THIS PROBLEM HAPENING BECAUSE I,CANT STAND UP AND HE PUSH ME BY THE
WINDOW AND HE NEVER HELP ME AND I,EXPLAIND TO HEM ABOUT MY MEDICAR=
CARE BUT HE ASKED ME FOR DOCUMENTS AND ON THAT TIME I,DONT HAVE ANY
CAN OF MEDICAR PAPARS I,TELL HEM TO CALLDE DOCTOR AND HE NEVER DO.
ON OTHER POINT WHEN I,FILLDOW ON THE FLOOR ANOTHER OFFICE COME AND
HELP ME OUT.AND THEY SAY THAT PUT THIS MAN HERE ON THE CELL 206,MAY BE
HE DIE THERE.
I KEEP AN PROOF OF THE BLOOD TO PROOF MY SITUATTION ON THE LEGAL MATTER.



**FEDERAL BUREAU OF PRISONS**

**DATE:** April 1, 2004

**REPLY TO**
**ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Your Administrative Tort Claim, No. TRT-NER-2004-00329

**TO:** Luis Molina-Acosta, Reg.No. 16056-069
FMC Devens

Your Administrative Tort Claim No. TRT-NER-2004-00329, dated October 9, 2003, and properly received in this office on October 21, 2003, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. You seek compensatory damages in the amount of $1,000,000.00 for an alleged personal injury. Specifically, you claim staff at the Federal Medical Center (FMC), Devens, Massachusetts, took your wheelchair away from you upon your arrival on August 28, 2003, and ordered you to ambulate with crutches, causing you extreme pain. You further assert staff disregarded your medical condition when processing you into the Special Housing Unit (SHU) and pushed you down, causing injury to your head and back.

After careful review of this claim, I have decided not to offer a settlement. Your allegations have been turned over to the appropriate authorities for thorough investigation. At this time, there is insufficient evidence available to this office which would indicate you received a personal injury as the result of negligence on the part of any Bureau of Prisons' employee.

Accordingly, your claim is denied. If you are dissatisfied with this decision, you may seek reconsideration from this office or bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum.

cc: David L. Winn, Warden, FMC Devens

Exh. "F"