UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS MOLINA-ACOSTA,<br><br>      Plaintiff,<br><br>v.<br><br>DAVID L. WINN, Warden,<br><br>      Defendant. | )<br>)<br>)<br>)  Civil Action No. 04-40147-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME
IN WHICH TO FILE ANSWER OR OTHERWISE PLEAD**

    Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, defendant David L. Winn, Warden, Federal Medical Center at Devens, Massachusetts, hereby moves for an extension of time, up to and including January 24, 2005, in which to file an answer or otherwise plead to plaintiff's Complaint. In support of the foregoing motion, defendant says as follows:

    1. This action was filed on July 29, 2004. On October 25, 2004, defendant David L. Winn, Warden, Federal Medical Center at Devens, Massachusetts, was served with a copy of the Complaint. See Docket Entry No. 7. An answer or other responsive pleading by defendant Winn therefore would be due on December 27, 2004. See Fed. R. Civ. P. 12(a)(3)(A), (B).

    2. In support of this motion, defendant states that an extension of time is necessary to obtain the necessary approvals for undersigned counsel to represent defendant in his individual capacity, to the extent plaintiff's Complaint is construed as raising claims under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and/or to substitute the United States as the proper party defendant pursuant to 28 U.S.C. § 2679(d)(1), to the extent plaintiff's Complaint is construed as raising claims under the Federal Tort Claims Act.

    3. In addition, to the extent plaintiff's Complaint is construed to state a Bivens claim against additional defendants whom he has not named in the case caption or listed as a defendant,

but see Fed. R. Civ. P. 10(a) (requiring that every party be listed in the case caption), service has not yet been completed on "Officer Maldonado,"[1] and it serves the interest of judicial economy for the government to respond once rather than on multiple occasions.

Wherefore, defendant respectfully requests that his motion be allowed.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
> /s/ Mark T. Quinlivan
>MARK T. QUINLIVAN
>Assistant U.S. Attorney
>United States Attorney's Office
>John Joseph Moakley U.S. Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA 02210
>617-748-3606

Dated: December 22, 2004

CERTIFICATE UNDER L.R. 7.1

The defendant takes the position that L.R. 7.1 requires "counsel" to confer and is not applicable where, as here, the opposing party is incarcerated and is appearing *pro se*. Alternatively, because plaintiff is a prisoner currently incarcerated in a federal correctional facility, counsel for the defendant respectfully requests leave to file this Motion without a 7.1 conference.

> /s/ Mark T. Quinlivan
>Mark T. Quinlivan
>Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing was served by mail, on December 22, 2004, upon Luis Molina-Acosta, Inmate #16056-069, Fort Devens Medical Center, PO Box 879, Ayer, MA, 01432.

> /s/ Mark T. Quinlivan
>Mark T. Quinlivan
>Assistant U.S. Attorney

---

[1] We note that entry number 8 on the docket sheet, which indicates that service was completed on "Officer Maldonado" on November 10, 2004, is in error. Fed. R. Civ. P. 4(2)(B) requires that federal employees sued in their individual capacities must be personally served and, as the attached document to docket entry number 8 indicates, the certified mail receipt was signed for by a "M. Johnson," not by Officer Maldonado. This motion is does not waive any defenses available to Officer Maldonado, including, without limitation, insufficiency of process and insufficiency of service of process.