# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                              )
LUIS MOLINA-ACOSTA,                           )
                                              )        Civil Action No. 04-40147-WGY
                Plaintiff,                    )
                                              )
        v.                                    )
                                              )
DAVID L. WINN, Warden, FMC Devens; and        )
FEDERAL BUREAU OF PRISONS,                    )
                                              )
                Defendant.                    )
_____       )

### NOTICE OF SUBSTITUTION

        Please take notice that pursuant to 28 U.S.C. § 2679(d)(1), the United States is hereby

substituted for the individual defendant, David L. Winn, Warden, FMC Devens, with respect to

any and all causes of action based on state law tort claims for alleged misconduct in the

connections with any acts or omissions alleged in the Complaint in this matter.   The grounds for

this substitution are:

        1.  The plaintiff has brought an action against David L. Winn, Warden, FMC Devens, and

the Federal Bureau of Prisons ("BOP"), alleging that, on August 28, 2003, after he was

transported to FMC Devens from Puerto Rico in a private jet, he suffered injuries to his head,

neck, back, legs, and bladder, as a result of being deprived of his wheelchair and by being

knocked down in a cell by BOP employees.  See Complaint, Statement of Claim.

        2.  Pursuant to 28 U.S.C. §§ 2675 and 2679, plaintiff's exclusive remedy for a tort claim

against an employee of the United States is an action against the United States under the Federal

Tort Claims Act.

3.  The United States Attorney for the District of Massachusetts has certified, pursuant to 28 U.S.C. §§ 2679(d)(1), and 28 C.F.R. § 15.3, that at the time of the conduct alleged, David L. Winn was acting within the scope of his employment as an employee of the United States.

4.  Upon Certification that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state law claim arises, any civil action based on the incident shall be deemed an action against the United States, and the United States shall be substituted as the sole defendant with respect to the state law claims.  See 28 U.S.C. § 2679(d)(1).

The Court is respectfully referred to the Certification of Scope of Employment filed together with this notice.  A draft Order amending the caption of this case to reflect the substitution of the United States is attached hereto for the convenience of this Court.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3606

Dated: January 24, 2005

CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing was served by mail, on January 24, 2005, upon Luis Molina-Acosta, Suffolk County House of Corrections, 20 Bradston Street, Boston, MA 02118.

 /s/ Mark T. Quinlivan
Mark T. Quinlivan
Assistant U.S. Attorney