UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS MOLINA-ACOSTA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID L. WINN, Warden, FMC Devens; and ) <br> FEDERAL BUREAU OF PRISONS, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 04-40147-WGY |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS <u>BIVENS</u> CLAIMS, AND
TO SUBSTITUTE THE UNITED STATES AS PROPER PARTY DEFENDANT**

This action is brought pro se by Luis Molina-Acosta, who alleges that, on August 28, 2003, he suffered personal injuries through the actions of employees of the Federal Bureau of Prisons ("BOP"). In the caption of his complaint, Mr. Molina-Acosta names as defendants David L. Winn, the Warden of the Federal Medical Center at Devens, Massachusetts ("FMC Devens"), and the Federal Bureau of Prisons ("BOP").

As best we understand Mr. Molina-Acosta's complaint, he appears to be raising claims against Warden Winn and the BOP under <u>Bivens</u> v. <u>Six Unknown Named Agents</u>, 403 U.S. 388 (1971), or, alternatively, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. To the extent he is raising claims under <u>Bivens</u>, those claims should be dismissed. It is well established that a <u>Bivens</u> action will not lie against an agency of the federal government, and the BOP therefore is not a proper party defendant to such a claim. It is equally well established that a <u>Bivens</u> claim will not lie against a supervisor under a theory of *respondeat superior*. In this case, Mr. Molina-Acosta's complaint makes no reference to any acts or omissions on the part of

Warden Winn, but merely identifies him as a defendant in the caption of the complaint. Under these circumstances, any claim Mr. Molina-Acosta might have under Bivens cannot lie against Warden Winn.

To the extent he is raising claims under the FTCA, that statute makes clear that the only proper party defendant is the United States, see 28 U.S.C. §§ 1346(b), 2674, 2679(a), and this Court consequently lacks subject matter jurisdiction over Warden Winn or the BOP. See, e.g., Armor Elevator Co. Inc. v. Phoenix Urban Corp., 655 F.2d 19, 22 (1st Cir.1981). Pursuant to 28 U.S.C. § 2679(d)(1), the United States should be substituted as the proper party defendant in this action.

## BACKGROUND

Mr. Molina-Acosta alleges that, on August 28, 2003, after he was transported to FMC Devens from Puerto Rico in a private jet, he suffered injuries to his head, neck, back, legs, and bladder as a result of being deprived of his wheelchair and by being knocked down in a cell by BOP employees. See Complaint, Statement of Claim. In particular, Mr. Molina-Acosta complains of actions taken by officers in the Receiving and Departure and Segregation Housing Units of FMC Devens, and by a medical practitioner. Id. The only individuals who are specifically identified in the complaint are an Officer Maldonado, and a Mr. Smith, who is alleged to be a medical assistant or practitioner. Id.

On October 9, 2003, Mr. Molina-Acosta filed an administrative claim with the BOP, in which he sought, among other things, compensatory damages in the amount of $1,000,000 for personal injuries arising out of the events which allegedly took place on August 28, 2003. The BOP denied the claim on April 1, 2004, in a memorandum to Mr. Molina-Acosta of the same date. See Complaint, Exhibit F.

On July 29, 2004, Mr. Molina-Acosta filed the instant action. On October 25, 2004, defendant David L. Winn, Warden, Federal Medical Center at Devens, Massachusetts, was served with a copy of the Complaint. See Docket Entry No. 7.[1] On December 20, 2004, Henry J. Sadowski, Regional Counsel of the BOP, was served with a copy of the Complaint. See Docket Entry No. 11. On January 11, 2005, this Court granted Warden Winn's motion for an extension of time to answer or otherwise plead to the complaint.

On January 12, 2005, Mr. Molina-Acosta was released from the custody of the BOP. He is currently in custody at the Suffolk County House of Corrections, while awaiting deportation.

## STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of claims for "lack of jurisdiction over the subject matter." In cases in which the defendant challenges the accuracy of the jurisdictional facts asserted by the plaintiff, the defendant's challenge "permits (indeed, demands) differential factfinding." Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). As the Supreme Court has stated, "when a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, the court may inquire by affidavits or otherwise, into the facts as they exist." Land v. Dollar, 330 U.S. 731, 735 n.4 (1947), *overruled by implication on other grounds*, Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949). In such circumstances, "the plaintiff's jurisdictional averments are

---

[1] We note that entry number 8 on the docket sheet, which indicates that service was completed on "Officer Maldonado" on November 10, 2004, is in error. Fed. R. Civ. P. 4(2)(B) requires that federal employees sued in their individual capacities must be personally served and, as the attached document to docket entry number 8 indicates, the certified mail receipt was signed for by a "M. Johnson," not by Officer Maldonado. This motion does not waive any defenses available to Officer Maldonado, including, without limitation, insufficiency of process and insufficiency of service of process.

entitled to "no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." Valentin, 254 F.3d at 363.

**ARGUMENT**

I.  **THE COMPLAINT FAILS TO STATE A CLAIM UNDER BIVENS**

As best we understand Mr. Molina-Acosta's complaint, he appears to be alleging that, as a result of the "actions and deliberate indifferent [sic]" of officers or personnel at FMC Devens, he suffered injuries to his head, neck, back, legs, and bladder, which caused him "several days of excruciating pain." See Complaint, Statement of Claim. Thus, Mr. Molina-Acosta's complaint might be construed as asserting a cause of action under Bivens against the defendants for acts or omissions that amounted to deliberate indifference, and which resulted in a violation of the Eighth Amendment's prohibition against "cruel and unusual punishments." See Wilson v. Seiter, 501 U.S. 294 (1991) ("deliberate indifference" standard in Eighth Amendment prison conditions case); Estelle v. Gamble, 429 U.S. 97, 104-06, (1976) ("deliberate indifference" standard in Eighth Amendment prison medical treatment case).

But any claim under Bivens that Mr. Molina-Acosta might have cannot lie against either the BOP or Warden Winn. To begin with, "[i]t is well settled that a Bivens action will not lie against an agency of the federal government." Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citing FDIC v. Meyer, 510 U.S. 471, 486 (1994)). Mr. Molina-Acosta consequently may not maintain a claim under Bivens against the BOP. Nor may Mr. Molina-Acosta maintain a claim under Bivens against Warden Winn. Although Mr. Molina-Acosta names Warden Winn as a defendant in his complaint, the body of the complaint, including the Statement of Claim, is devoid of any specific complaint regarding Warden Winn's actions. To the contrary, Mr. Molina-Acosta appears to be complaining about the actions of lower level officials at FMC

Devens. This is insufficient to state a claim against Warden Winn premised on Bivens; as the First Circuit has held, "*respondeat superior* is not a viable theory of Bivens liability." Ruiz Rivera, 209 F.3d at 28 (citing cases).

To be sure, supervisors may sometimes be held liable for failures in carrying out their supervisory responsibilities. Id. (citing Camilo-Robles v. Zapata, 175 F.3d 41, 43-44 (1st Cir.1999)). But this form of claim exists only where "(1) there is subordinate liability, and (2) the supervisor's action or inaction was 'affirmatively linked' to the constitutional violation caused by the subordinate." Aponte Matos v. Toledo-Davila, 135 F.3d 182, 192 (1st Cir.1998). In this case, like the situation presented in Ruiz Rivera, Mr. Molina-Acosta's claims of "malfeasance and misfeasance" involve lower level employees at FMC Devens, and there is no allegation made, either in the complaint or in Mr. Molina-Acosta's administrative claim, establishing any affirmative link between the conduct of these officers and Warden Winn. See 209 F.3d at 28-29. Mr. Molina-Acosta's complaint therefore fails to state a claim for Bivens liability against Warden Winn. See Vouter v. Vitale, 761 F.2d 812, 819-29 (1st Cir. 1985) (affirming dismissal of complaint as to prison officials where no causal connection between their conduct and acts complained of by the plaintiff); Porter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (affirming dismissal of § 1983 claim against supervisor and holding that, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction given pro se complainants.").

Accordingly, to the extent Mr. Molina-Acosta's complaint is read as pleading a claim against Bivens, any such claim should be dismissed as to the BOP and Warden Winn.

**II.     THE UNITED STATES IS THE ONLY PROPER PARTY DEFENDANT TO AN FTCA CLAIM**

The FTCA waives the sovereign immunity of the United States with respect to tort claims, and provides the exclusive remedy to compensate a claimant for the tortious acts of a federal employee committed within his or her scope of employment. See 28 U.S.C. §§ 2674, 2679.  In order to bring a tort claim against the United States under the FTCA, a claimant must first file an Administrative Claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency.  See 28 U.S.C. §§ 2401(b), 2675.  The failure to comply with the FTCA's requirements "means that the district court lacks subject matter jurisdiction to entertain the suit and must dismiss it." Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003), *cert. denied.* 124 S.Ct. 2836 (2004).

Mr. Molina-Acosta filed suit on July 29, 2004, within the six-month period provided for by §§ 2401 and 2675.  In his complaint, however, he did ***not*** name the United States as a defendant; rather, he named Warden Winn and the BOP as the only defendants.  The FTCA make clear, however, that the only proper party defendant in an FTCA action is the United States, see 28 U.S.C. §§ 1346(b), 2674, 2679(a), and the district courts consequently lack subject matter jurisdiction over federal agencies or federal employees in suits brought under the FTCA.  See, e.g., Armor Elevator Co., 655 F.2d at 22.

The United States Attorney for the District of Massachusetts has certified, pursuant to 28 U.S.C. §§ 2679(d)(1) and (2), and 28 C.F.R. § 15.3, that at the time of the conduct alleged, Warden Winn was acting within the scope of his employment as an employee of the United States.  See Notice of Substitution and attached Certification (filed herewith).  Hence, pursuant to

28 U.S.C. § 2679(d)(1), the United States should be substituted as the proper party defendant to any FTCA claims that Mr. Molina-Acosta might be raising in this matter. Upon the United States' substitution as the proper party defendant, the government respectfully requests 30 days in which to answer or otherwise plead to the complaint.

## CONCLUSION

To the extent Mr. Molina-Acosta's complaint is construed as raising claims under Bivens, those claims should be dismissed against Warden Winn and the BOP. To the extent Mr. Molina-Acosta's complaint is construed as raising claims under the FTCA, those claims should be dismissed against Warden Winn and the BOP, and the United States should be substituted as the proper party defendant.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3606

Dated: January 24, 2005

CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing was served by mail, on January 24, 2005, upon Luis Molina-Acosta, Suffolk County House of Corrections, 20 Bradston Street, Boston, MA 02118

 /s/ Mark T. Quinlivan
Mark T. Quinlivan
Assistant U.S. Attorney