**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| LUIS MOLINA-ACOSTA, | ) | |
| | ) | Civil Action No. 04-40147-WGY |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION**
**TO STRIKE REQUEST FOR TRIAL BY JURY AND PUNITIVE DAMAGES**

This action is brought pro se by Luis Molina-Acosta, who alleges that, on August 28, 2003, he suffered personal injuries through the actions of employees of the Federal Bureau of Prisons ("BOP"). On February 22, 2005, this Court dismissed plaintiff's Bivens claims against David L. Winn, Warden of FMC Devens, and substituted the United States for Warden Winn and the BOP with respect to plaintiff's claims brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* The United States now moves to strike plaintiff's prayer for a trial by jury and punitive damages of $125,000, as neither is available to him under the FTCA.

**BACKGROUND**

Plaintiff alleges that, on August 28, 2003, after he was transported to FMC Devens from Puerto Rico in a private jet, he suffered injuries to his head, neck, back, legs, and bladder as a result of being deprived of his wheelchair and by being knocked down in a cell by BOP employees. In particular, plaintiff complains of actions taken by officers in the Receiving and Departure and Segregation Housing Units of FMC Devens, and by a medical practitioner.

On October 9, 2003, plaintiff filed an administrative claim with the BOP, in which he sought, among other things, compensatory damages in the amount of $1,000,000 for personal injuries arising out of the events which allegedly took place on August 28, 2003.  The BOP denied the claim on April 1, 2004, in a memorandum to plaintiff of the same date.  See Complaint, Exhibit F.

On July 29, 2004, plaintiff filed the instant action.  In his Complaint, plaintiff seeks, *inter alia*, a trial by jury and punitive damages in the amount of $125,000.  On February 22, 2005, this Court dismissed plaintiff's Bivens claims against David L. Winn, Warden of FMC Devens, and substituted the United States for Warden Winn and the BOP with respect to plaintiff's claims brought under the FTCA.

### ARGUMENT

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."  Block v. North Dakota, 461 U.S. 273, 287 (1983).  Moreover, when the Government does consent to be sued, "the terms of [the] waiver of sovereign immunity define the extent of the court's jurisdiction."  United States v. Mottaz, 476 U.S. 834, 841 (1986).

In this case, the statute which waives the sovereign immunity of the United States, the FTCA, expressly prohibits both a trial by jury and punitive damages.  Specifically, because 28 U.S.C. § 2402 provides, with one exception not relevant here, that "any action against the United States under [28 U.S.C. § 1346] shall be tried by the court without a jury," it is well-established that "a plaintiff cannot opt for a jury in an FTCA action, 28 U.S.C. § 2402, as he may in a Bivens suit."  Carlson v. Green, 446 U.S. 14, 22 (1980).

Similarly, because 28 U.S.C. § 2674 provides that "[t]he United States shall be liable, respecting the provisions of this chapter relating to tort claims, in the same manner and to the same

extent as a private individual under like circumstances, but shall not be liable for interest prior to

judgment or for punitive damages," it is well-established that "punitive damages in an FTCA suit

are statutorily prohibited." Carlson, 446 U.S. at 22 (citing 28 U.S.C. § 2674).

Accordingly, plaintiff's request for a trial by jury and for punitive damages should be

stricken, as neither falls within the limited waiver of sovereign immunity in the FTCA.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court strike

plaintiff's prayer for a trial by jury and for punitive damages.

`

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

                                                /s/ Mark T. Quinlivan
                                                MARK T. QUINLIVAN
                                                Assistant United States Attorney
                                                United States Attorney's Office
                                                John Joseph Moakley U.S. Courthouse
                                                1 Courthouse Way, Suite 9200
                                                Boston, MA 02210
                                                617-748-3606

Dated: March 25, 2005

## CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing was served by mail, on March 25, 2005, upon Luis Molina-Acosta, Suffolk County House of Corrections, 20 Bradston Street, Boston, MA 02118

                                            /s/ Mark T. Quinlivan
                                            Mark T. Quinlivan
                                            Assistant United States Attorney