UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
LUIS MOLINA ACOSTA,           )
          Petitioner,         )
                              )
          v.                  ) CIVIL ACTION NO. 4:04-40147-WGY
                              )
WARDEN DAVID WINN,            )
          Respondent.         )
_____)
```

ORDER FOR TRANSFER OF A PORTION OF PETITION
PURSUANT TO THE REAL ID ACT OF 2005

YOUNG, C.J.

In a letter to the Court dated June 17, 2005, Luis Molina Acosta seeks to challenge his imminent removal to the Dominican Republic. He claims that:

> ...with my handicap conditions and no medical attention, I feel that this is inhumane, and I did not have any contact with my Lawyer to keep up this matter, or any officer of the Court and Counselor render me effective assistance of counsel, to hold me in the territory of the United States of MA. Until my civil case is solved.

The civil case to which he references is a personal injury claim under the Federal Tort Claims Act with respect to an incident at FMC Devens.

To the extent that Molina-Acosta seeks an Order Staying his removal, or is otherwise challenging a final order of removal, the District Court lacks jurisdiction to entertain his request.

The REAL ID Act of 2005 was enacted on May 11, 2005.[1] Section 106(c)explicitly provides that judicial review of removal orders rests exclusively in the appropriate United States Circuit Court of Appeals, and the District Court lacks jurisdiction to review such removal orders.

Accordingly, pursuant to Section 106(c) of the REAL ID Act of 2005, it is hereby ORDERED that the clerk shall transfer this letter/request forthwith to the FIRST Circuit Court of Appeals.


SO ORDERED.



                              /s/ William G. Young
DATED: July 12, 2005          WILLIAM G. YOUNG
                              CHIEF, UNITED STATES DISTRICT JUDGE

---

[1]REAL ID Act of 2005, H.R.1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231.

2