# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 05-2107

LUIS MOLINA-ACOSTA,

Petitioner,

v.

ALBERTO GONZALES, ATTORNEY GENERAL,*

Respondent.

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

JUDGMENT

Entered: August 31, 2005

    Luis Molina Acosta, the plaintiff in a Federal Tort Claims Act case, sent a letter to the district court judge, dated June 17, 2005, claiming that, given "his handicap conditions and no medical attention, it would be inhumane to remove him to the Dominican Republic" and asking for the court's assistance in "hold[ing] [him] in the United States . . . until [his] civil case is solved." Concluding that it lacked jurisdiction to entertain this request because of the jurisdiction-stripping provision of the Real ID Act, the district court, by order dated July 12, 2005, transferred the letter to this court to be treated as a petition for judicial review under section 106(c) of the Real ID Act. This court opened and docketed the matter as a petition for judicial review on July 20, 2005. In the meantime, on June 23, 2005, Molina Acosta was removed to the Dominican Republic.

    Putting aside the more difficult question of whether this court has jurisdiction over this matter--which does not challenge the merits of the underlying removal order but only seeks a stay of

its execution pending resolution of the Molina Acosta's FTCA case, see 8 U.S.C. § 1225(a)(2)(A)(i) (prohibiting judicial review of the "implementation or operation of an order of removal")--we dismiss it as moot since Molina Acosta has already been removed.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 10/25/05

By the Court:

Richard Cushing Donovan, Clerk.

By: **MARGARET CARTER**
    Chief Deputy Clerk.

[cc: Luis Molina-Acosta, Nora Livers, Neil Cashman, Esq., Frank Crowley, Esq.]

---

*Alberto Gonzales was sworn in as United States Attorney General on February 3, 2005. We have substituted him for John Ashcroft, previous holder of that office, as the respondent. See Fed. R. App. P. 43(c)92).