# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| LUIS MOLINA-ACOSTA, | ) |
| | ) |
| | ) Civil Action No. 04-40147-WGY |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS FOR LACK AND/OR INABILITY OF PROSECUTION
## OR, IN THE ALTERNATIVE, FOR ISSUANCE OF LOCAL RULE 41.1(a)(1) NOTICE

This action, which was brought pro se by plaintiff Luis Molina-Acosta, has been pending on this Court's docket since July 29, 2004. Since that date, plaintiff was removed from the United States on June 23, 2005, and has taken on subsequent action to prosecute this case. Moreover, even prior to having been removed from the United States, plaintiff failed to file responses to the defendant's motion to dismiss his Bivens claims and to substitute the United States as the proper party defendant, which this Court granted on February 22, 2005, or to the defendant's motion to strike plaintiff's request for a jury trial and for punitive damages, which was granted by this Court on May 3, 2005. This Court therefore should dismiss this action for lack and/or inability of prosecution. In the alternative, this Court should enter a Local Rule 41.1(a)(1) notice informing plaintiff that this case will be dismissed within 30 days absent an explanation for the lack of proceedings.

**BACKGROUND**

Plaintiff filed this action on July 29, 2004. In his complaint, plaintiff alleges that, on August 28, 2003, after he was transported to FMC Devens from Puerto Rico in a private jet, he suffered injuries to his head, neck, back, legs, and bladder as a result of being deprived of his wheelchair and by being knocked down in a cell by BOP employees. See Complaint, Statement of Claim. In the caption of his complaint, plaintiff named as defendants David L. Winn, the Warden of the Federal Medical Center at Devens, Massachusetts ("FMC Devens"), and the Federal Bureau of Prisons ("BOP"), and raised claims against Warden Winn and the BOP under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), or, alternatively, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*

On January 24, 2005, the United States moved to dismiss the Bivens claims and to substitute the United States as the proper party defendant. Plaintiff did not file a response. On February 22, 2005, this Court granted the motion to dismiss the Bivens claims and to substitute the United States as the proper party defendant.

On March 25, 2005, the United States answered plaintiff's complaint and also moved to strike plaintiff's request for a trial by jury and for punitive damages. Once again, plaintiff did not file a response. On May 3, 2005, this Court granted the motion to strike plaintiff's request for a trial by jury and for punitive damages.

On April 14, 2005, this Court also entered a Procedural Order directing the clerk to list on the docket plaintiff's address at the Suffolk County House of Correction, and advising plaintiff of his obligation to keep the Court informed of any change of address.

On May 17, 2005, plaintiff informed this Court that was to be removed to the Dominican

Republic, and that all correspondence regarding this matter should be forwarded to Yeidring M.

Molina, 23 Cyrpus Ave., Brentwood, NY 11717.  On June 17, 2005, plaintiff sent a letter to this

Court requesting its assistance in "hold[ing] [him] in the United States" until this action was

resolved.

On June 23, 2005, plaintiff was removed from the United States.

On July 12, 2005, this Court entered an Order transferring plaintiff's challenge to his removal

to the First Circuit pursuant to the REAL ID Act of 2005 Pub. L. No. 109-13, 119 Stat. 231 (May

11, 2005.  On November 21, 2005, the First Circuit dismissed what it had docketed as a petition for

judicial review under section 106(c) of the Real ID Act as moot in view of plaintiff's removal.

No further entries on the docket have been made since this date.

## ARGUMENT

Plaintiff was removed from the United States on June 23, 2005.  As a result of his removal,

plaintiff is statutorily ineligible to apply for admission to the United States for ten years, see 8 U.S.C.

§ 1182(a)(9)(A)(ii)(I), and he may not reenter the United States for any reason without the express

permission of the Secretary of the Department of Homeland Security ("DHS").  See 8 U.S.C. § 1326.[1]

---

[1]  On March 1, 2003, the Department of Homeland Security ("DHS") assumed responsibility
for the functions of the (former) Immigration and Naturalization Service ("INS") and all authorities
with respect to those functions were transferred to DHS.  The transition and saving provisions of the
Act provide that references relating to the INS in statutes, regulations, directives, or delegations of
authority shall be deemed to refer to the appropriate official or component of the DHS.  Accordingly,
the discretion formerly vested in the Attorney General under § 1326 is now vested in the Secretary
of Homeland Security and divisions of his Department.  See Homeland Security Act of 2002, Pub.L.
No. 107-296, 116 Stat. 2135 (2002).

Moreover, since his removal from the United States, plaintiff has not filed any pleading with this Court, nor has he taken any other action to prosecute this case.

Under these circumstances, this action should be dismissed for lack of and/or inability of prosecution. Indeed, courts have dismissed actions for lack of prosecution under similar circumstances. In <u>Roach</u> v. <u>Sobal</u>, 1999 WL 108612 (S.D.N.Y. March 2, 1999) (copy attached as Exhibit 1), for example, the plaintiff had brought suit under 42 U.S.C. § 1983, alleging excessive force in connection with a strip search that had occurred at the New York correctional facility located at Riker's Island. After filing suit, the plaintiff was deported to Trinidad and Tobago by the former Immigration and Naturalization Service ("INS"). Given this development, the district court granted the government's motion to dismiss for failure to prosecute, explaining that, "[b]ecause plaintiff has been deported from the United States and could not, in any event, legally return to this country to pursue his lawsuit, and because plaintiff has further failed to respond to the instant motion or pursue the action or contact the Court or defendants in any respect for a period of more than six months, the complaint is dismissed for failure to prosecute under Fed.R.Civ.P. Rule 41(b)." <u>Id</u>. * 1.

Two courts of appeal have similarly found that dismissal of an action is appropriate where the appellant has been deported and made no attempt to prosecute his or her action, albeit in unpublished dispositions. In <u>United States</u> v. <u>Kuteyi</u>, 28 F.3d 1295 (D.C. Cir. 1994) (Mem.) (copy attached as Exhibit 2), the D.C. Circuit, on its own motion, dismissed an action for failure to prosecute upon noting "that this appeal was filed in August, 1990, that appellant was deported in February, 1991, and that appellant has taken no further action to prosecute his appeal." <u>Id</u>. Similarly, in <u>Chavez-Dominguez</u> v. <u>San Antonio Police Dept.</u>, 54 Fed. Appx. 405 (5th Cir. 2002) (copy attached as Exhibit 3), the Fifth Circuit affirmed the dismissal of a civil rights action brought

-4-

under Rule 41(b) for failure to prosecute, noting that, "Chavez has been deported to El Salvador and, despite an order from the district court, failed to appear for the docket call and failed to offer any explanation of how he intends to pursue this action from another country."  <u>Id</u>.

Similarly, in this case, plaintiff has been removed from the United States and has taken no action to prosecute this case for more than one year.  Moreover, even prior to being removed from the United States, the plaintiff did not file responses to the defendant's motion to dismiss his <u>Bivens</u> claims and to substitute the United States as the proper party defendant, which this Court granted on February 22, 2005, or to the defendant's motion to strike plaintiff's request for a jury trial and for punitive damages, which was granted by this Court on May 3, 2005.  Under these circumstances, this action should be dismissed for lack and/or inability of prosecution.

Alternatively, this Court should enter a Local Rule 41.1(a)(1) notice informing plaintiff that this case will be dismissed within 30 days absent an explanation for the lack of proceedings.  That rule provides:

> Whenever in any civil action the clerk shall ascertain that no proceeding has been docketed therein for a period of one (1) year, he shall then mail notice to all persons who have enterede an appearance in such a case that, subject to the provisions of subsection (a)(3), the case will be dismissed without further notice thirty (30) days after the sending of the notice.

If the Court believes that dismissal for lack and/or inability of prosecution is not warranted at this time, a Local Rule 41.1(a)(1) notice is warranted.

## CONCLUSION

For the foregoing reasons, this action should be dismissed for lack and/or inability of prosecution. In the alternative, this Court should enter a Local Rule 41.1(a)(1) notice informing plaintiff that this case will be dismissed within 30 days absent an explanation for the lack of proceedings.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3606

Dated: October 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing was served by mail, on October 18, 2006, upon Luis Molina-Acosta, c/o Yeidring M. Molina, 23 Cyprus Avenue, Brentwood, NY 11717.

/s/ Mark T. Quinlivan
Mark T. Quinlivan
Assistant U.S. Attorney