Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 108612 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

H
Briefs and Other Related Documents
Roach v. SobalS.D.N.Y.,1999.Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Anthony ROACH, Plaintiff,
v.
VINCENT SOBAL # 10986 C.O., Edward Hines # 1023 C.O., Edwin Rivas # 2561 C.O., Carlos Rosado # 13114,C.O., Defendants.
No. 92 CIV 7355(TPG), 81971.

March 2, 1999.

OPINION
GRIESA, D.J.
*1 Plaintiff Anthony Roach filed this lawsuit in October 1992 under 42 U.S.C. § 1983 against four New York City Corrections Officers alleging excessive use of force in connection with a strip search that occurred on May 20, 1992 at the "J.A.T.C." facility on Riker's Island.

On August 26, 1998, defendants moved to dismiss the complaint for failure to prosecute under Fed.R.Civ.P. Rule 41(b). Plaintiff has not responded in opposition to the motion and the Court will treat the motion as fully submitted at this time.

On May 19, 1997, United States Immigration Judge John Duck ordered plaintiff deported from the United States to Trinidad and Tobago on the basis of his conviction for an aggravated felony covered by the Immigration and Nationality Act § 241, codified at 8 U.S.C. § 1251. Plaintiff appealed the order and the Board of Immigration Appeals affirmed on October 27, 1997. Plaintiff was deported to Trinidad and Tobago by the Immigration and Naturalization Service ("INS") on May 12, 1998.

Since his deportation, plaintiff has not contacted either the Court or defendants in any regard and his whereabouts remain unknown, preventing either the Court or defendants from contacting him. Plaintiff's last communication in connection with the lawsuit was a letter dated May 6, 1998 to defendants furnishing his then current address at the Avolyelles Parish Detention Center in Marksville, Louisiana. This was before his deportation.

Because plaintiff has been deported from the United States and could not, in any event, legally return to this country to pursue his lawsuit, and because plaintiff has further failed to respond to the instant motion or pursue the action or contact the Court or defendants in any respect for a period of more than six months, the complaint is dismissed for failure to prosecute under Fed.R.Civ.P. Rule 41(b).

SO ORDERED.

S.D.N.Y.,1999.
Roach v. Sobal
Not Reported in F.Supp.2d, 1999 WL 108612 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:92cv07355 (Docket) (Oct. 09, 1992)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.